**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SULLIVAN PRECISION METAL FINISHING, INC., | ) ) ) |
| Plaintiff, | ) Case No.: 4:22-cv-01259 ) ) |
| v. | ) ) |
| TECNOPLAST USA, LLC, | ) ) |
| Defendant. | ) ) |

**DEFENDANT TECNOPLAST USA, LLC'S MOTION TO TRANSFER VENUE AND MEMORANDUM OF LAW IN SUPPORT**

Defendant Tecnoplast USA, LLC ("Tecnoplast"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. Rule 7 and Local Rule 4.01, moves this Court to transfer this action to the United States District Court for the Southern District of Indiana, Indiana Division, as that Court is the proper venue for this action according to the forum selection clause of the parties' contract. In support of its motion, Tecnoplast submits the following:

**Introduction**

This is a breach of contract case where each party accuses the other of breaching a contract. Tecnoplast and Plaintiff Sullivan Precision Metal Finishing, Inc. ("Sullivan") entered into a written contract pursuant to Missouri's and/or Indiana's codification of the Uniform Commercial Code (the "UCC"), when Tecnoplast submitted an offer to Sullivan and Sullivan accepted that offer by transmitting a written purchase order, along with a down payment back to Tecnoplast (together, the "Contract"). The Contract included a forum selection clause, which reads in relevant part, that Sullivan "irrevocably waives … any objection … to the bringing of the action … with respect to this Quotation in … the United States District Court for the Southern District of Indiana,

Page **1** of **10**

Indianapolis Division." Forum selection clauses between commercial entities like this one are regularly enforced, unless the objecting party can carry a heavy burden of proof to show that the clause is unjust or unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) Therefore, the Court should transfer this action to the United States District Court for the Southern District of Indiana, Indianapolis Division for further proceedings.

## Standard

"Forum selection clauses are presumed prima facie valid and are enforced unless they are unjust or unreasonable or invalid." *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (*citing Bremen*, 407 U.S. at 15); *see also O'Bryant v. Adams*, 123 N.E.3d 689, 694–95 (Ind. 2019) ("Especially where the contracting parties are commercial entities, the party resisting a forum-selection clause bears an onerous burden of showing it was neither 'freely negotiated' nor 'reasonable and just,' which is what Indiana law requires for such clauses to be enforced."). When the forum selection clause at issue is the product of an arm's length negotiation, "the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." *Id*. Where parties freely enter into a contract containing a forum selection clause, the clause is properly enforced. *See, generally*, *Terra Intern, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688 (8th Cir. 1997).

## Relevant Facts

1. On March 4, 2021, Technoplast hand delivered Offer 1110221SUL to Sullivan. Offer 1110221SUL was for the fabrication of a ventilation system for Sullivan's thirty-two (31) foot line. [*Declaration of Gloria Da Ros*, attached hereto as **Exhibit 1**, at ¶ 5; Offer 1110221SUL, attached hereto as **Exhibit 2**].

2. Thereafter, Tecnoplast engaged in negotiations with Sullivan regarding the hoods, collectors, and cost of the ventilation system. [Ex. 1 at ¶ 6].

3. On March 9, 2021, Tecnoplast transmitter Offer 1110221SUL – Revision 1 to Sullivan. Offier 1110221SUL – Revision 1 reduced the number of hoods, the size of a collector, and the cost of the ventilation system. [*Id*.; Offer 1110221SUL – Revision 1, attached hereto as **Exhibit 3**].

4. Thereafter, Tecnoplast and Sullivan engaged in negotiations regarding the cost of the ventilation system. [Ex. 1 at ¶ 8]

5. On March 10, 2021, Tecnoplast transmitted Offer 1110221SUL – Revision 2 ("Offer") to Sullivan. [*Id*. at ¶ 9; Offer 1110221SUL – Revision 2, attached here as **Exhibit 4**].

6. The Offer included the following term:

> **Governing Law**. This Quotation shall be construed and interpreted, and the rights of the parties will be determined in accordance with the laws of the State of Indiana. Buyer irrevocably waives to the extent allowed by law (a) trial by jury in any action or proceeding with respect to this Quotation, and (b) any objection (including, without limitation, any objection to the laying of venue or based on the grounds of *forum non convenient*) which it may not or hereafter have to the bringing of any action or proceeding with respect to this quotation in the state courts in Boone County or Madison County, Indiana, or the United States District Court for the Southern District of Indiana, Indianapolis Division. Nothing herein shall limited the right of Seller to bring proceedings.

(the "Forum Selection Clause"). [Ex. 2; Ex. 3; Ex. 4].

7. The Offer also included the following term:

> **No Conflicting or Supplementals Terms and Conditions**. The offer for sale of Products stated herein, including the price quoted, is conditioned upon Buyer's acceptance without change, deviation, or supplementation of this Quotation. The acceptance of the prices stated herein irrevocably constitutes the acceptance of all of all [sic] Terms and Conditions contained herein and the Seller's standard Purchase Terms and Conditions by Buyer, and any different or supplemental terms of sales contained on any order form or other writing (including any electronic format) prepared by Buyer shall be null, void, and of no force or effect, unless separately and expressly accepted in writing by an authorized representative of Seller.

[*Id*].

8. On March 12, 2021, Sullivan transmitted Purchase Order No. 39296 ("Purchase Order") to Tecnoplast. [Ex. 1 at ¶ 10; Purchase Order No. 39296, attached hereto as **Exhibit 5**].

9. The Purchase Order does not include language stating that it is expressly made conditional on Tecnoplast's assent to additional or different terms. [Ex. 5].

10. On March 12, 2021, Sullivan transmitted $115,000.00 to Tecnoplast. [Ex. 1 at ¶ 11].

## Argument

The Court should grant Tecnoplast's motion to transfer venue. First, the contract formed between the parties is a contract for the sale of goods and therefore is governed by the UCC. UCC § 2-207, which has been adopted by Missouri, R.S.Mo. § 400.2-207, and Indiana, IC § 26-1-2-207, governs the formation of contracts where the parties exchange alternative forms. Tecnoplast made an Offer that was expressly limited to the terms of the offer. Sullivan's Purchase Order is a definite and seasonable expression of acceptance, which formed a contract (the "Contract"). However, the Purchase Order is not expressly made conditional on assent by Tecnoplast to additional or different terms. Therefore, the terms of Tecnoplast's Offer, including the Forum Selection Clause, govern the Contract.

Second, Forum Selection Clauses negotiated by commercial entities in arms' length contracts are generally enforced. There is nothing unfair or unreasonable about the Forum Selection Clause. Therefore, the Forum Selection Clause should be enforced and this action transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division.

I. *Tecnoplast and Sullivan Entered Into an Arms' Length, Enforceable Contract, Which Contained a Forum Selection Clause.*

First, the Court must determine whether the Forum Selection Clause in the Offer is part of the Contract between the parties. To answer that question, the Court first needs to determine if Missouri or Indiana law applies. Nonetheless, as discussed below, Missouri and Indiana have adopted the UCC and apply the relevant provisions in the same manner. Therefore, the Court ultimately need not determine which law applies at this time.

Both Missouri and Indiana have adopted the UCC. *See, generally,* R.S.Mo. § 400.1-101, *et seq.*; IC § 26-1-1-101, *et seq.* Importantly, both Missouri and Indiana have adopted substantially identical versions of § 2-207 of the UCC. R.S.Mo § 400.2-207; IC § 26-1-2-207. Further, Missouri and Indiana apply § 2-207 of the UCC in the same manner. *Compare, Boese-Hilburn Co. v. Dean Machinery, Co.*, 616 S.W.2d 250 (Mo. App. W.D. 1981) with *Continental Grain Co. v. Followell*, 475 N.E.2d 318, 321–22 (Ind. Ct. App. 1985). Therefore, as Missouri and Indiana will analyze the contract formation question in the same manner pursuant to § 2-207 of the UCC, it is immaterial at this time for the Court to make a determination as to which law applies.

Section 2-207 of the UCC is referred to as the "battle of the forms" and discusses the terms of a contract where the parties exchange divergent forms. Here, Tecnoplast sent an Offer to Sullivan that contained various terms and conditions. Sullivan responded to that Offer with its Purchase Order, and by submitting the fifty percent (50%) down payment required by the Offer. Therefore, Tecnoplast and Sullivan formed a contract. However, since the Offer and the Purchase Order are both subject on their face to different terms, it is necessary to determine which terms are integrated into the contract.

Section 2-207 reads as follows:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
>
> (a) the offer expressly limits acceptance to the terms of the offer;
>
> (b) they materially alter it; or
>
> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.
>
> (3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this chapter.

Section 2-207 "is one of the most important, subtle and difficult in the entire Code and . . . to correctly apply it, the facts presented must be reconciled, step-by-step, with various provisions of U.C.C. § 2-207." *Oakley Fertilizer, Inc. v. Continental Ins. Co.*, 276 S.W.3d 342, 347 (Mo. App. E.D. 2009) (quoting *Boese-Hilburn Co.*, 616 S.W.2d at 523). As the United States District Court for the Southern District of Florida has aptly explained in *Option Wireless, Ltd. v. Open Peak, Inc.*, No. 12-80165-CIV, 2012 WL 6045936, *4 (S.D Fla. Dec. 5, 2012), there are "three ways for parties to form a contract" under § 2-207:

> First, the parties can exchange forms with divergent terms; if the offeree's expression of acceptance or written confirmation is not made "expressly conditional" on the offeror's assent to the additional or different terms, a contract is formed. The three-part test of § 2-207(2) would then come into play to determine the precise terms of the contract. Second, if offeree's expression of acceptance or written confirmation is made "expressly conditional" on offeror's assent to the additional or different terms, then that acknowledgment is treated merely as a counteroffer. A contract could only be formed in that situation upon offeror's expression of affirmative acceptance of the counteroffer. Finally, where the first two possible avenues do not result in contract formation, a contract may nevertheless be

> formed via § 2–207(3) where the conduct of the parties demonstrates a belief that a contractual agreement was formed.
>
> By the terms of § 2-207, a contract can only be formed under § 2-207(1) or § 2-207(3)—it cannot be formed under both. If a contract is properly formed under § 2-207(1), § 2-207(2) is applied merely to determine that contract's terms.

*Id*. at *4–5.

Further, it is immaterial which party makes an offer and which party accepts the offer. *See, Nordyne, Inc. v. International Controls & Measurements Corp.*, 262 F.3d 843, 846–47 (8th Cir. 2001) (applying Missouri law to determine that quotation was an offer and purchase order was acceptance); *Luedtke Engineering Co. v. Indiana Limestone Co., Inc.*, 592 F.Supp. 75, 79–80 (S.D. Ind. 1983) (applying Indiana law to determine that quotation was an offer and purchase order was acceptance); *Boese-Hilburn*, 616 S.W.2d at 524–25 (Mo. Ct. App. 1981) (quotation was an offer and purchase order was acceptance).

Here, a contract was formed pursuant to § 2-207(1). Tecnoplast submitted a quotation to Sullivan which constituted an offer under Missouri and Indiana law. Sullivan responded with a purchase order, which constituted acceptance of Tecnoplast's Offer. Because the Purchase Order was not "expressly conditional" on Tecnoplast's assent to additional terms, the Purchase Order operated as an acceptance of Tecnoplast's terms and formed the Contract.

Section 2-207(2) is then applied to determine if Sullivan's terms are incorporated into the Contract. Sullivan's terms come into the contract unless: "(1) the offer expressly limits acceptance to the terms of the offer; (2) they materially alter it; or (3) notification of objection to them has already been given or is given within a reasonable time after notice of them is received." § 2-207(2). Tecnoplast's Offer is conditioned on the following language:

> any different or supplemental terms of sales contained on any order form or other writing (including any electronic format) prepared by Buyer shall be

null, void, and of no force or effect, unless separately and expressly accepted in writing by an authorized representative of Seller.

Because Tecnoplast's Offer expressly limited acceptance to the terms of the Offer, none of Sullivan's terms come into the Contract. The ultimate result is that the Forum Selection Clause is a term of the Contract, which requires Sullivan to bring any action with respect to the Contract in Indiana.

> II. *The Forum Selection Clause is Part of an Arms' Length Contract, Negotiated by Commercial Entities, and is Not Unfair or Unreasonable.*

Since the Forum Selection Clause is part of the Contract, the Court must next determine if there is a reason not to enforce the Forum Selection Clause. Similarly, before the Court can determine whether the Forum Selection Clause should be enforced, it must first determine what law is applicable to determine that question. While the Eighth Circuit has recognized that "the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue," it has routinely avoided adopting a definitive position on whether state or federal law applies. *See, e.g., Servewell Plumbing, LLC*, 439 F.3d at 789; *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 753 (8th Cir. 1999). The Eighth Circuit has always reasoned that because the states' laws in question in each case corresponded with federal law, there is no need to dive into the realm of the *Erie* doctrine, as there was no conflict between state and federal law. *Id.*

Here, the same is true. The controlling federal precedent on this case is *Bremen*, 407 U.S. at 15. *Bremen* has been explicitly adopted by the Missouri Supreme Court. *High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493, 496–98 (Mo. banc 1992). The Supreme Court of Indiana has implicitly adopted *Bremen*. *O'Bryant*, 123 N.E.3d at 694–95 ("Especially where the contracting parties are commercial entities, the party resisting a forum-selection clause bears an

onerous burden of showing it was neither 'freely negotiated' nor 'reasonable and just,' which is what Indiana law requires for such clauses to be enforced.").[1] As the law is the same between all three jurisdictions, the Court need not make the determination as to which law applies. *Servewell Plumbing*, 439 F.3d at 789; *M.B. Restaurants*, 183 F.3d at 753.

As discussed above, the Contract contains a Forum Selection Clause, which sets the venue for actions arising from the Contract as the Indiana state court in Boone County or Madison County, or the United States District Court for the Southern District of Indiana, Indianapolis Division. As the party resisting the Forum Selection Clause, it is Sullivan's "onerous burden" to show that the Forum Selection Clause should not be enforced. *O'Bryant*, 123 N.E.3d at 695.

Sullivan cannot carry this burden of proof. There is nothing Sullivan can provide to suggest that it was somehow coerced into the Contract. Moreover, the Forum Selection Clause is reasonable and just, as Tecnoplast is located in Madison County, Indiana. Much of the work performed by Tecnoplast occurred in Madison County, Indiana. All of Tecnoplast's witnesses are located in Indiana and will be subject to the subpoena power of the Court after transfer. Therefore, the Court should enforce the Forum Selection Clause and transfer this action to the United States District Court for the Southern District of Indiana, Indianapolis Division.

WHEREFORE Tecnoplast USA, LLC prays this honorable Court grant Tecnoplast's motion to transfer venue, transfer this action to the United States District Court for the Southern District of Indiana in accordance with Local Rule 4.06, and for any other and further relief the Court deems just and proper under the circumstances.

---

[1] The *O'Bryant* court relied on *Carmeuse Lime & Stone v. Illini State Trucking, Inc.*, 986 N.E.2d 271, 277 (Ind. Ct. App. 2013), which in turn relies on *Bremen*.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Zachary R. McMichael*
    R. Thomas Avery, #45340MO
    Zachary R. McMichael, #68251MO
    8182 Maryland Avenue, Fifteenth Floor
    St. Louis, Missouri 63105
    Telephone: (314) 721-7701
    Facsimile: (314) 721-0554
    avery@capessokol.com
    mcmichael@capessokol.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was sent via electronic mail to the below counsel for Plaintiff and filed using the Court's ECF filing system this 3rd day of February, 2023:

Michael Kaemmerer
W. Chris Jarvis
McCarthy, Leonard & Kaemmerer, L.C.
825 Maryville Centre, Ste. 300
Town & Country, Missouri 63017
mkaemmerer@mlklaw.com
cjarvis@mlklaw.com

Steven P. Kuenzel, Sr.
Eckelkamp Kuenzel, LLP
200 West Main St., 2nd Floor
P.O. Box 228
Washington, MO 63090
steve@eckelkampkuenzel.com

*Attorneys for Plaintiff*

    */s/ Zachary R. McMichael*