**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SULLIVAN PRECISION METAL ) <br> FINISHING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TECNOPLAST USA, LLC, ) <br> ) <br> Defendant. ) | Case No.: 4:22-cv-01259 |

## **PLAINTIFF SULLIVAN PRECISION METAL FINISHING, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

COMES NOW Plaintiff Sullivan Precision Metal Finishing, Inc. ("Plaintiff" or "SPMF"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P Rule 12 and Local Rule 4.01, moves the Court to deny Defendant Tecnoplast USA, LLC's ("Defendant" or "Tecnoplast") Motion to Transfer Venue to the United States District Court for the Southern District of Indiana, Indiana Division, as the purported forum selection clause cited by Defendant was never agreed to between the parties and thus is not applicable to this present suit. In support thereof, Plaintiff states as follows:

### **Introduction**

As alleged in Plaintiff's Complaint, the parties entered a written contract whereby Defendant agreed to fabricate and sell a ventilation and scrubber system to Plaintiff in exchange for money. Plaintiff agrees that the Uniform Commercial Code (the "UCC") controls the contract. However, the contract was created when Plaintiff submitted its purchase order, referencing SPMF's terms and conditions, to Defendant, along with a down payment, and Defendant began performing by fabricating and designing a ventilation and scrubber system for Plaintiff (the

1

"Contract"). Prior to Plaintiff submitting its purchase order as an offer to Defendant, Defendant had previously sent a series of price quotations (the "Quotes"). Defendant's Quotes contained a forum selection clause, which Plaintiff never agreed to, and never became a material term of the contract.

For the purposes of this Response in Opposition, Plaintiff generally does not contest the validity or enforceability of the forum selection clause contained in Defendant's terms and conditions, or forum selection clauses in general—when agreed to. Instead, Plaintiff contends that Defendant's forum selection clause was contained within a price quotation and not an offer, that Plaintiff never agreed to it, and thus, that it was never part of the Contract. Accordingly, the forum selection clause is inapplicable to any of the claims of the parties arising out of and related to the Contract.

Alternatively, to the extent the Court determines that the forum selection clause may be part of an offer by Defendant to Plaintiff in its price quotation, it is a material alteration to the agreement between the parties that must be knocked out per the terms of U.C.C. § 2-207. Regardless of the path to get there, the forum selection clause does not control, and this matter is properly before the Eastern District of Missouri and should remain here.

## Relevant Facts

1. Defendant's March 4, 2021 price quotation, or Quote, to Plaintiff explicitly states in its first line, "With Reference to your request, we submit our quotation for the fabrication of . . . ." [Defendant's **Exhibit 2**].

2. Defendant's Quote utilizes the word "quote" or "quotation" a total of fourteen (14) times throughout. [Defendant's **Exhibit 2**].

3. All subsequent revisions to Defendant's Quote (collectively, Defendant's "Quotes") contain the same use of "quote" and "quotation." [Defendant's **Exhibits 2, 3, and 4**].

4. Defendant's Quotes explicitly exclude several key terms with the intention that these terms be further negotiated: "Installation, Mileage and Lodging, Freight, Packaging" and "Anything not expressly mentioned in this quote." [Defendant's **Exhibits 2, 3, and 4**].

5. Plaintiff's March 12, 2021 Purchase Order explicitly states, "This P.O. is subject to Terms and Conditions as defined on QSF-8.4.2-01-2 @ https://bit.ly/2JFq42h" [Defendant's **Exhibit 5**].

## **Argument**

The Court should deny Defendant's motion to transfer venue. The Contract formed between the parties is a contract for the sale of goods and therefore is governed by the UCC. UCC § 2-207, which has been adopted by Missouri, R.S.Mo. § 400.2-207, governs the formation of contracts where the parties exchange alternative forms, and the subsequent analysis is colloquially referred to as the "battle of the forms."

First, the initial forms provided by Defendant to Plaintiff are price quotations, not offers. The general rule, under the UCC, is that price quotations are considered to be invitations for an offer, rather than offers to form binding contracts. The general rule controls here where Defendant's Quotes make it clear throughout—no less than fourteen (14) times—that they are quotes, not offers, and the Quotes leave open additional terms to negotiate. Plaintiff's Purchase Order in conjunction with its down payment of $115,000.00 constitutes Plaintiff's offer and the only written terms of the Contract—Defendant's performance is its acceptance. Therefore, the terms of Plaintiff's Purchase Order govern the contract and Defendant's forum selection clause does not apply or control here.

Second, alternatively, in the event the Court determines that Defendant's Quote(s) constituted an offer and Plaintiff's Purchase Order constituted acceptance, the forum selection clause should be knocked out of the contract pursuant to UCC § 2-207(2)(b) because it materially alters the contract. The fairness or reasonableness of the forum selection clause is irrelevant in this matter due to the fact that it materially alters the contract between the parties.

Accordingly, the matter should remain with the Eastern District of Missouri and Defendant's Motion to Transfer Venue should be denied.

> I. *Defendant's Quotes Are Merely Price Quotations And Do Not Constitute Offers Under the UCC.*

"Typically, a price quotation is considered an invitation for an offer, rather than an offer to form a binding contract." *Nordyne, Inc. v. Int'l Controls & Measurements Corp.*, 262 F.3d 843, 846 (8th Cir. 2001) *White Consol. Indus., Inc. v. McGill Mfg. Co., Inc*., 165 F.3d 1185, 1190 (8th Cir. 1999). To constitute an offer, a manifestation must be "clear, definite and explicit, and leave[s] nothing open for negotiation. . . ." *Litton Microwave Cooking Products, v. Leviton Mfg. Co., Inc.*, 15 F.3d 790, 794 (8th Cir. 1994) (internal citations omitted) (wherein the Eighth Circuit determined that price quotation letters and catalogs clearly, definitely, and explicitly manifested a willingness to become bound but left too many terms open for negotiation to be considered an offer).

Here, Defendant's Quotes cannot more plainly state that they are intended to serve as price quotations. They unambiguously begin, "With Reference to your request, we submit our **quotation** for the fabrication of . . ." (emphasis added) and use the term "quote" or "quotation" no less than fourteen (14) times throughout their three (3) pages. The plain language and intent is clear; these documents are to be treated as what they are: price quotations.

Further, Defendant's Quotes fall far short of manifesting an intent to convey an offer that is "clear, definite and explicit" and that "leaves nothing open for negotiation." Instead, and in stark contrast to manifesting such an intent, the Quotes leave open multiple terms to negotiate: "Installation, Mileage and Lodging, Freight, [and] Packaging." And they take it one step further and unambiguously carve out a further catch-all for any other terms they may wish to negotiate by excluding "Anything not expressly mentioned in this quote."

There are certainly cases out there where Courts have found that price quotations manifest a "clear, definite and explicit" offer of sale when there are no open terms—the *White Consol. Indus.*, 165 F.3d 1185, case cited above being one example. However, in typical cases, price quotations should be construed as exactly what they are intended to be: invitations to offer. In a case such as this one, where Defendant's Quotes reiterate ad nauseum that they are merely quotes and leave open terms to negotiate, they should be treated as price quotations.

Because Defendant's Quotes are merely price quotations and not offers, the forum selection clause contained therein—which is not referenced in Plaintiff's Purchase Order to Defendant—never became part of the Contract between the parties and does not control here. As a result, this matter should remain in the Eastern District of Missouri.

II. *Alternatively, If Defendant's Quote Constitutes an Offer, Defendant's Forum Selection Clause Should Be Deemed an Additional Term That Materially Alters the Contract and Should Be Knocked Out.*

In the event the Court determines that Defendant's Quote or Quotes constitute an offer and Plaintiff's Purchase Order constitutes an acceptance with different terms, the Court must engage in the "battle of the forms" analysis under § 2-207 of the UCC. *Section I* of *Defendant's Motion to Transfer Venue* adequately describes the analysis the Court must engage in under the § 2-207 of the UCC, and thus, in the interests of brevity, this Response in Opposition will not regurgitate

the law or the analysis. Suffice it to say that if the Court determines Defendant's analysis under § 2-207(1) is accurate, then the next step under § 2-207(2) is to examine whether the forum selection clause materially alters the contract. This key analysis is glossed over by Defendant.

The Western District of Missouri engaged in an analysis as to whether forum selection clauses materially alter contracts, and concluded: "to our knowledge **every court presented with the issue** has **found that a forum selection clause** included in a confirmatory writing **constitutes a material alteration of the underlying contract**; under § 2–207(2)(b), the forum selection clause accordingly **cannot become part of the contract absent some indicia of the parties' agreement to the term**." *Office Supply Store.com v. Kansas City Sch. Bd.*, 334 S.W.3d 574, 580 (Mo.App. W.D. 2011) (citing *Belanger, Inc. v. Car Wash Consultants, Inc.*, 452 F.Supp.2d 761, 765–66 (E.D.Mich.2006); *M.K.C. Equipment Co., Inc. v. M.A.I.L.Code, Inc*. 843 F.Supp. 679, 685–86 (D.Kan.1994); *Dale R. Horning Co., Inc. v. Falconer Glass Industries, Inc.*, 710 F.Supp. 693, 699 (S.D.Ind.1989); *TRWL Financial Estab. v. Select Intern.*, 527 N.W.2d 573, 579–80 (Minn.App.1995)) (emphasis added).

Numerous other courts across the country have found that forum selection clauses constitute material alterations under UCC § 2-207, with even the United States District Court for the Southern District of Indiana, Indianapolis Division, agreeing and stating that "selection of a distant forum with which a party has no contacts, while enforceable if contained in an agreement freely and consciously entered into, can result in surprise and hardship if permitted to become effective by way of confirmation forms that unfortunately are all too often never read." *Prod. Components, Inc. v. Regency Door & Hardware, Inc.*, 568 F. Supp. 651, 654 (S.D. Ind. 1983); *see also*, *General Instrument Corp. v. Tie Mfg., Inc.*, 517 F. Supp. 1231, 31 U.C.C. Rep. Serv. 1573

(S.D. N.Y. 1981) (where the court was influenced by the fact that the clause was buried in fine print and was clearly not the result of discussion or negotiation).

Here, there can be no question that a forum selection clause tying Plaintiff to Indiana materially alters the Contract between the parties. Plaintiff has no contacts with Indiana outside of its business with Defendant at issue in this lawsuit—business that Defendant generated by reaching out to Plaintiff in Missouri. Further, there is no indicia of Plaintiff's consent to the forum selection clause or to any of Defendant's proposed terms and conditions for that matter. In fact, Plaintiff's Purchase Order contains its own set of terms and conditions with no forum selection clause, further highlighting how surprising the clause was to Plaintiff. Plaintiff did not "freely and consciously" consent to this forum selection clause as indicated by the Southern District of Indiana Court; and as a result, the enforcement of the clause would lead to hardship and surprise to Plaintiff due to an unfortunate situation where Defendant's clause was buried in fine print and clearly not the result of discussion or negotiation.

Further, there is no indicia of Plaintiff's agreement to the forum selection clause—if anything, Plaintiff's initial act in this litigation of filing in Franklin County in the State Court of Missouri signifies the forum most convenient and proper to it. Additionally, Plaintiff's own terms and conditions do not contain a forum selection clause, which is further evidence that it is not something they were even considering as part of any agreement between the parties.

Because Defendant's forum selection clause materially alters the agreement between the parties, under § 2–207(2) of the UCC, it should be knocked out. Accordingly, this matter is properly before the Eastern District of Missouri and Plaintiff's Motion to Transfer Venue should be denied.

WHEREFORE Plaintiff Sullivan Precision Metal Finishing, Inc. prays this honorable Court deny Tecnoplast's motion to transfer venue, and for any other and further relief the Court deems just and proper under the circumstances.

>Respectfully submitted,
>**MCCARTHY, LEONARD, &**
>**KAMMERER, L.C.**
>
>By: */s/ W. Chris Jarvis*
>Michael Kaemmerer, #25652MO
>W. Chris Jarvis, #62001MO
>McCarthy, Leonard & Kaemmerer, L.C.
>825 Maryville Centre, Ste. 300
>Town & Country, Missouri 63017
>mkaemmerer@mlklaw.com
>cjarvis@mlklaw.com
>
>*Counsel for Sullivan Precision Metal Finishing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed using the Court's ECF filing system this 24th day of April, 2023.

>*/s/ W. Chris Jarvis*