**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SULLIVAN PRECISION METAL FINISHING, INC., | ) )  ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TECNOPLAST USA, LLC, | ) ) ) |
| Defendant. | ) |

Case No.: 4:22-cv-01259

## DEFENDANT TECNOPLAST USA, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

Defendant Tecnoplast USA, LLC ("Tecnoplast"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. Rule 7 and Local Rule 4.01, for its Reply Memorandum in Support of its Motion to Transfer Venue submits the following:

### Introduction

In response to Tecnoplast's Motion to Transfer Venue (the "Motion"), Plaintiff Sullivan Precision Metal Finishing, Inc. ("Sullivan"), makes two arguments. First, Sullivan argues that Tecnoplast's quotation was not an offer because it was not sufficiently definite and contains the terms "quote" or "quotation" fourteen (14) times throughout. The law cited by the parties is clear that if a quote is sufficiently definite, it can operate as an offer, no matter the label the parties place on it. Here, the parties' negotiation of three quotations, sent only to Sullivan, which included terms of price, quantity, and many other terms, makes clear the intent for the quotations to operate as offers, vesting the power of acceptance in Sullivan. Second, Sullivan argues that if the parties formed a contract under U.C.C. § 2-207(1), then § 2-207(2)(b) operates to remove the forum selection clause because it materially alters the contract. Section 2-207(2)(b) clearly

operates on the additional terms made in the **acceptance**, not the offer. Axiomatically, the terms in the offer cannot materially alter the contract; they are the basis of the contract. Therefore, the Court should grant Tecnoplast's Motion and transfer this action to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**Argument**

Sullivan argues against the Motion in two ways. First, it argues that none of Tecnoplast's three (3) quotations in this case can operate as an offer. Second, Sullivan argues that if the final quotation operate as an offer, which Sullivan admits it accepted, then the forum selection clause in the quotation materially altered the contract. Neither of these arguments have merit.

> I. *Tecnoplast's Third Quotation Manifested a Willingness to be Bound, Left No Terms Open for Future Negotiation, and Therefore Operated as an Offer*.

Sullivan's first argument is that the March 10, 2021 Quotation, styled as Offer 1110221SUL – Revision 2 (the "Quotation") cannot operate as an offer because it "fall[s] far short of manifesting an intent to convey an offer that is 'clear, definite and explicit' and that 'leaves nothing open for negotiation.'" [Doc. 31 at pg. 5]. In support, Sullivan relies on the Eighth Circuit's statement in *White Consol. Indus., Inc. v. McGill Mfg. Co., Inc.*, that "[t]ypically, a price quotation is considered an invitation for an offer, rather than an offer to form a binding contract." 165 F.3d 1185, 1190 (8th Cir. 1999) (*citing Litton Microwave Cooking Products v. Leviton Manufacturing Co.*, 15 F.3d 790, 794 (8th Cir. 1994)). While Sullivan correctly quotes *White Consol.*, it ignores that in that case the Eighth Circuit summarily held that the price quotation at issue was a valid offer, not an invitation for an offer. *Id.*

More recent Eighth Circuit case law outlines the requirements for a price quotation to be treated as an offer. "[A] price quotation, if detailed enough, can amount to an offer creating the

power of acceptance; to do so it must reasonably appear from the price quote that assent to the quote is all that is needed to ripen the offer into the contract." *Nordyne, Inc. v. Intern. Controls & Measurements Corp.*, 262 F.3d 843, 846 (8th Cir. 2001). "Factors relevant in determining whether a price quotation is an offer include the extent of prior inquiry, the completeness of the terms of the suggested bargain, and the number of persons to whom the price quotation is communicated." *Id.*

Here, all of these factors weigh in favor of finding that the Quotation was an offer. First, the Quotation was the result of negotiations between Tecnoplast and Sullivan. In fact, it was the third iteration of the offer from Tecnoplast, based on prior modifications and requests of Sullivan. Each time Sullivan requested a change in the terms, Tecnoplast submitted a new quotation, indicating that both Sullivan and Tecnoplast expected the Quotation to operate as an offer, vesting Sullivan with the power of acceptance. Second, the Quotation is complete recitation of the terms of the bargain. *Id*. at 846–47. The fact that it is called a "quote" is irrelevant. It lists the quantity of items that Tecnoplast will fabricate for Sullivan, as well as the price. It also includes a full page of terms and conditions, and includes by reference Tecnoplast's standard terms and conditions. Contrary to Sullivan's position, items such as installation, mileage, and packaging are not left open for future negotiation, they are explicitly excluded from the offer. Third, the Quotation was only communicated to Sullivan, distinguishing this case from one in which a price for a good is quoted in a catalog. *See, e.g., Litton*, 15 F.3d at 794–95 (discussing cases involving catalog sales). Here, the Quotation was not a general advertisement but a specific offer to Sullivan. *Nordyne*, 846–47. Moreover, Sullivan's purchase order, contains essentially none of the required terms to form a contract,

indicating that it was an acceptance of the Quotation, not itself an offer. Therefore, the Quotation was sufficiently definite to operate as an offer, which was accepted by Sullivan.

II. *The Forum Selection Clause, as a Term of the Offer, Cannot Materially Alter the Contract.*

As discussed above, the Quotation operated as an offer, which was accepted by Sullivan via its purchase order, forming a contract between the parties under UCC § 2-207(1). However, Sullivan argues that the forum selection clause materially altered the parties' contract and therefore it is excluded from the contract.

To start, the "materially altered" language comes from UCC § 2-207(2)(b). UCC § 2-207(2) is applicable where the offer has been accepted, but the acceptance is not "expressly made conditional on assent to [] additional or different terms." *Id.* UCC § 2-207(2) is only applied where a contract is formed under UCC § 2-207(1). *Option Wireless, Ltd. v. Open Peak, Inc.*, No. 12-80165-CIV, 2012WL6045936, *4 (S.D. Fla. Dec. 5, 2012). In arguing that UCC § 2-207(2) is applicable here, Sullivan has admitted that a contract was formed under UCC § 2-207(1). That is to say that Sullivan's purchase order operated as acceptance of the Quotation, not a counteroffer.

By its very terms, § 2-207(2) operates on the additional terms stated in the acceptance, not on the terms stated in the offer. Section 2-207(1) states that a definite and seasonable expression of acceptance or a written confirmation operates as acceptance even if it includes additional or different terms. Then, § 2-207(2) discusses when those additional terms are construed as additional terms of the contract. Section 2-207(2)(b) states that those additional terms cannot be construed as additional terms if they materially alter the contract. The clear language of § 2-207(2) makes clear that the "materially alter it" language is discussing whether

the additional terms of the **acceptance** materially alter the terms of the **offer**, not the other way around. It is axiomatic that the terms of the offer cannot materially alter the contract, as the terms of the offer form the basis of the contract itself. Indeed, the Missouri Court of Appeals agrees, stating that "[u]nder Section 2-207(2), additional or different terms in an acceptance are to be construed as proposals for addition to the contract." *Oakley Fertilizer, Inc. v. Cont'l Ins. Co.*, 276 S.W.3d 342, 347–48 (Mo. App. E.D. 2009) (internal quotations omitted) (emphasis added). "Under Section 2-207(2), an acceptance's different or additional terms will 'materially alter' the contract when it result[s] in surprise or hardship if incorporated without express awareness by the other party." *Id.* (internal quotations omitted) (emphasis added). Here, the forum selection clause is a term of the offer made by Tecnoplast, which was accepted by Sullivan. Therefore, it is a term of the parties' contract and should be enforced.

## Conclusion

For the reasons stated herein, and in Tecnoplast's Joint Motion and Memorandum of Law of Law in Support to Transfer Venue, the Court should enforce the forum selection clause in the parties' contract and transfer this action to the to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Zachary R. McMichael*
    R. Thomas Avery, #45340MO
    Zachary R. McMichael, #68251MO
    8182 Maryland Avenue, Fifteenth Floor
    St. Louis, Missouri 63105
    Telephone: (314) 721-7701
    Facsimile: (314) 721-0554
    avery@capessokol.com
    mcmichael@capessokol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by operation of the Court's ECF filing system this 4th day of May, 2023.

                                          */s/ Zachary R. McMichael*