UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SULLIVAN PRECISION METAL FINISHING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 4:22CV1259 PLC |
| TECNOPLAST USA, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Tecnoplast USA, LLC's Motion to Transfer Venue, filed February 3, 2023. (ECF No. 18). Plaintiff Sullivan Precision Metal Finishing, Inc. ("Buyer") filed suit against Defendant Tecnoplast USA, LLC ("Seller") in the Circuit Court of Franklin County, Missouri, alleging the following: Breach of Contract (Count I); Breach of Contract (Revocation and/or Rescission of Contract) (Count II); Breach of Implied Warranty of Merchantability (Count III); Negligent Misrepresentation (Count IV); and Unjust Enrichment (Count V). Seller removed the suit to this Court on November 25, 2022, on the basis of diversity jurisdiction. (ECF No. 1). Seller requests that the Court transfer this matter to the United States District Court for the Southern District of Indiana pursuant to a purported forum selection clause in the parties' agreement. Buyer opposes transfer on the grounds that the forum selection clause contained in Seller's price quotation is not a binding contractual provision.

**BACKGROUND**

Buyer is a Missouri corporation with its principal place of business in Franklin County, Missouri. (Petition ("Complaint" or "Compl."), ¶ 1). Seller is an Indiana limited liability

company, with its principal place of business in Anderson, Indiana.  (*Id.*, ¶ 2).

Buyer alleges it needed a ventilation and scrubber system, designed to efficiently capture the fumes and mist generated from its metal finishing process tanks while comporting with industrial ventilation guidelines, OSHA and federal EPA guidelines, and Buyer's clients' requirements.  (Compl., ¶ 6).  According to Seller, representatives from Buyer and Seller met on March 4, 2021.  (Declaration of Gloria Da Ros, President of Tecnoplast, attached to Seller's motion as Exh. 1, ¶ 5).  That same day, Seller hand-delivered to Buyer Offer 1110221SUL, with the subject line "32' Line Ventilation System."  (Defendant Tecnoplast USA, LLC's Motion to Transfer Venue and Memorandum of Law in Support ("Seller's Memo in Support"), P. 2, citing Da Ros Declaration, ¶ 5; Offer 1110221SUL, attached to Seller's motion as Exh. 2).  The parties engaged in negotiations, and on March 9, 2021, Seller transmitted Offer 1110221SUL—Revision 1 to Plaintiff.[1]  (*Id.*, P.3, citing Da Ros Declaration, ¶¶ 6, 7; Offer 1110221SUL—Revision 1, attached to Seller's motion as Exh. 3).  After further negotiations, Seller submitted Offer 1110221SUL—Revision 2 (the "Offer").  (*Id.*, citing Da Ros Declaration, ¶¶ 8, 9; Offer 1110221SUL—Revision 2, attached to Seller's motion as Exh. 4).[2]  The Offer provided in relevant part as follows:

> **No Conflicting or Supplemental Terms and Conditions.** The offer for sale of Products stated herein, including the price quoted, is conditioned upon Buyer's acceptance without change, deviation, or supplementation of this Quotation.  The acceptance of the prices stated herein irrevocably constitutes the acceptance of all [] Terms and Conditions contained herein and the Seller's standard Purchase Terms and Conditions by Buyer, and any different or supplemental terms of sales contained on any order form or other writing (including any electronic format) prepared by Buyer shall be null, void and of no force or effect, unless separately and expressly accepted in writing by an authorized representative of Seller…

---

[1] According to Seller, Revision 1 reduced the number of hoods, the size of a collector, and the cost of the ventilation system.  (Seller's Memo in Support, P. 3).
[2] According to Seller, the second round of negotiations between the parties concerned the cost of the ventilation system.  (Seller's Memo in Support, P. 3).

>**Governing Law.**  This Quotation shall be construed and interpreted, and the rights of the parties will be determined, in accordance with the laws of the State of Indiana.  Buyer irrevocably waives to the extent allowed by law (a) trial by jury in any action or proceeding with respect to this Quotation, and (b) any objection (including, without limitation, any objection to the laying of venue or based on the grounds of *forum non convenient* [sic]) which it may now or hereafter have to the bringing of any action or proceeding with respect to this Quotation in the state courts in Boone County or Madison County, Indiana, or the United States District Court for the Southern District of Indiana, Indianapolis Division.  Nothing herein shall limit the right of Seller to bring proceedings.

(Seller's Exh. 4, P. 3).

On March 12, 2021, Buyer transmitted Purchase Order No. 39296 ("Purchase Order"). (Seller's Memo in Support, P. 4, citing Da Ros Declaration, ¶ 10; Purchase Order No. 39296, attached to Seller's motion as Exh. 5).  The Purchase Order stated a total purchase price of $230,000.00, and Buyer provided a down payment of $115,000.00.  (Compl., ¶ 7).  The parties later amended their contract to increase the total purchase price by $18,650.00.[3]  (*Id.*, ¶ 16).

According to Buyer, subsequent to entering into the amended contract, it realized that the specifications and plans Seller had designed and begun manufacturing were for a ventilation system alone, and did not include a scrubber system.  (Compl., ¶ 17).[4]  Buyer asserts that when it brought its concerns to Seller, Seller responded that the contract was for a ventilation system alone, and that adding a scrubber system would cost an additional $480,000.00.  (*Id.*, ¶¶ 19, 20). Buyer claims Seller was to have completed the ventilation system in July 2021, but to date has failed to do so.  (*Id.*, ¶¶ 21, 22).[5]

---

[3] Buyer made an additional down payment of $9,325.00.  (Compl., ¶ 16).
[4] Buyer maintains that at all times it was unaware of the difference between a ventilation system and a scrubber system, and had always believed they were one and the same.  (Compl., ¶ 18).
[5] Buyer maintains that as a result of Seller's defective design and manufacture of the ventilation and scrubber system, "Plaintiff has been without an appropriate ventilation and scrubber system for its metal finishing work since at least September 2021; and Plaintiff will be forced to completely start over with the purchase, design, manufacture, and install of an appropriate ventilation and scrubber system that will efficiently capture the fumes and mist generated from

## DISCUSSION

Seller argues that the parties' contract contains a forum selection clause that must be enforced unless it is unjust or unreasonable. In support of this assertion, Seller claims the Offer, which included the Governing Law provision, expressly limited acceptance to its terms, and Buyer accepted the Offer by transmitting its Purchase Order and down payment.[6] (Seller's Memo in Support, PP. 7-8). Buyer counters that Seller's submissions were merely price quotations, and not offers. Buyer instead posits that its Purchase Order constituted the offer, which Defendant accepted by beginning to design and fabricate the ventilation and scrubber system. (Plaintiff Sullivan Precision Metal Finishing, Inc.'s Response in Opposition to Defendant's Motion to Transfer Venue, PP. 1, 3). Under this reasoning Buyer concludes the Governing Law provision, contained in Seller's quotation but not referenced in Buyer's Purchase Order, never became part of the contract and does not control. (*Id.*, PP. 4-5). Alternatively, Buyer asserts that should the Court find Seller's quote constituted an offer, the forum selection clause was an additional term that materially altered the contract and cannot be deemed a part thereof. (*Id.*, PP. 5-7).

The Court has carefully reviewed the language of the provision that both parties agree is relevant to their dispute. The provision, which the parties characterize as a forum selection clause, states in relevant part as follows: "This Quotation shall be construed and interpreted, and the rights of the parties will be determined, in accordance with the laws of the State of Indiana. Buyer irrevocably waives to the extent allowed by law…any objection (including, without limitation, any objection to the laying of venue or based on the grounds of *forum non convenient*

---

its metal finishing process tanks in line with industrial ventilation guidelines, OSHA and federal EPA guidelines, and Plaintiff's clients' requirements." (Compl., ¶ 24).

[6] Seller notes Buyer's Purchase Order was not expressly conditioned on Seller's assent to different or additional terms. (Seller's Memo in Support, P. 7).

[sic]) which it may now or hereafter have *to the bringing of any action or proceeding* with respect to this Quotation in the state courts in Boone County or Madison County, Indiana, or the United States District Court for the Southern District of Indiana, Indianapolis Division." (Seller's Exh. 4, P. 3 (emphasis added)).  Under the plain terms of the provision, Buyer waived only its right to object on the basis of improper venue or *forum non conveniens* to the *bringing* of any suit in the state or federal courts of Indiana.  Here, Buyer filed suit in the United States District Court for the Eastern District of Missouri, and the clause is silent regarding Buyer's ability to file a lawsuit in the jurisdiction of its choice.  Under these circumstances, the Court finds the relevant provision does not operate to prevent suit in the United States District Court for the Eastern District of Missouri, or to require transfer to a federal or state court in Indiana.  Seller's Motion to Transfer Venue on that basis will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tecnoplast USA, LLC's Motion to Transfer Venue (ECF No. 18) is **DENIED**.

                                                                         _____
                                                                         PATRICIA L. COHEN
                                                                         UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of May, 2023.